GEORGE W. KERR, Respondent, *v.* EDWARD C. SIMMONS ET AL., Appellants.

March 2, 1880.

1. The surrender of leased premises by the tenant at the end of the term must be unequivocal.

2. A tenant who, without the landlord's consent, surrenders the premises to another, who holds over after the expiration of the term, is liable for double rent according to the terms of the lease; and his offer to surrender the premises in such a case is immaterial.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

J. M. & C. H. KRUM and WALTER B. DOUGLASS, for the appellants: All contracts are presumed to be made with

reference to the laws and customs of the country; so that such laws and customs become a part of the contract, so far as applicable and consistent with its terms. — Bishop on Con., chap. 29, and cases there cited; 2 Pars. on Con. 215; *Wigglesworth* v. *Dallison*, Dougl. 201; *Holding* v. *Piggott*, 7 Bing. 465; *Hutton* v. *Warner*, 1 Mee. & W. 476. An actual and continued change of possession by the mutual consent of the parties amounts to a surrender by operation of law, and when the lessor receives rent for several years from a person in possession, other than his tenant, he will be presumed to have consented to the change. — *Clemens* v. *Broomfield*, 19 Mo. 118; *Matthews, Admr.*, v. *Tobener*, 39 Mo. 115.

THOMAS T. GANTT, for the respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action based on the clause in a lease from the plaintiff to defendants, of a store upon Main Street, in St. Louis, by which clause defendants agree to pay the rents reserved, and " double rent for every day they, or any one else in their name, shall hold on to said premises " after the term. The plaintiff claimed that the defendants did not surrender, but held the premises during the month of January, 1879, against plaintiff's will. The defendants' answer denied that they did not surrender to the plaintiff, or that they so occupied the premises. It appeared that on December 31, 1878, the plaintiff received a letter from the defendants, which stated that the premises on Main Street were no longer occupied by the defendants. In February, 1879, he received letters from the Simmons Hardware Company, a corporation, notifying him that it would vacate the same premises and would deliver the keys. The plaintiff's testimony tended to show that he knew nothing as to the tenancy or occupation by the corporation; that in 1878 the defendants had asked him if they could hold for a period after the expiration of the term, and that he refused to allow

this; that he got the letter of December 31st, but that the defendant did not give up possession, but remained on the premises; that on the last day of January he presented a bill for the rent, at double rate for that month, but payment was refused.

It appeared, on the part of the defendants, that they and others had formed the corporation, to which the stock and goods of the defendants were sold. These remained in the store on Main Street, where also the defendants remained, who were officers and principal stockholders in the new company. In December, 1878, the partnership had been dissolved, and its affairs, to close its business, put into the hands of a person who had an office elsewhere. The defendants claimed that the corporation was in possession from January 1, 1879, and paid the rent from its organization, prior to that date. There was judgment for the plaintiff for double rent for the month of January.

It is urged by the defendants that the question here is not whether they surrendered the premises to the plaintiff, but whether they did hold on to them; that the action was for double rent, not for damages for breach of covenant in failing to surrender, as to which no damages could be proved. But even if the basis of fact could be accepted, that the mere change of name and of the corporate form could enable the defendants to do indirectly what their contract prohibited them from doing directly, the argument of the defendants ignores this: that the surrender of possession to a third party, the corporation, is a holding on to the premises as against the lessor. Obviously, the lessee cannot say to his landlord: "Though I kept you out of possession, I did so, not by holding myself, but by surrendering the premises, before my term expired, to another, through whom I held over." The vacation of the premises by the termor must be unequivocal, and the exact means by which he accomplishes his holding over is immaterial. Here, against the landlord's consent, the premises were, through the action of the defendants,

the president and secretary of the new company, organized in a different way from the old one, kept out of that possession to which the landlord was entitled by the terms of his lease. The offer of December 31st amounted to nothing, and was not even accompanied by the keys.

The two defendants remained in possession, and the fact that others were in possession with them, and that the business was carried under another form and name, was immaterial. There is nothing which shows that the plaintiff consented to any change of possession.

The statutory provision as to demand and notice in writing has no application. Wag. Stats. 879, sect. 9. The parties did not choose to insist upon its provisions, and no policy of law obliged them to incorporate the terms of the statute in their lease. The lessees agreed to pay double rent as a mere condition of their holding over, and the statute does not add a new term to their contract.

The instructions given conform to what has been said, and there was no error in refusing those of the defendants, the material points presented by which we have noticed above. The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.